THE STATE, WILLIAM C. KINGSLAND ET AL., PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF UNION, IN THE COUNTY OF BERGEN.

1. James A. McCreary having acted as one of the commissioners, from April, 1872, until January, 1874, without any objection being made to his authority to act, the court will presume that he is the person named and intended to be appointed by the act of March, 1872, (*Laws*, 1872, *p*. 365,) unless there is full and clear evidence to the contrary.

2. The assessment set aside—

1. Because three of the commissioners who made it were land owners to be assessed, and therefore judges in their own cases.

2. Because the assessment was not imposed according to the benefits received.

State, Kingsland, pros., v. Township of Union.

On *certiorari*.

Argued at June Term, 1874, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiffs, *Ransom*.

For the defendants, *Linn*.

The opinion of the court was delivered by

VAN SYCKEL, J. By the *certiorari* in this case the proceedings of commissioners appointed by an act of the legislature of this state, approved March 6th, 1872, (*Laws*, 1872, *p*. 365,) to widen, grade and improve Ridge road, in the township of Union, in the county of Bergen, to a width not exceeding eighty feet, are brought up for review.

The act appoints as commissioners, James McCreary, John C. Marin, Daniel Van Winkle, Frank Page and John H. Poillon, with the power to fill any vacancy caused by disability, death or resignation of either. After entering upon the duties of the commission, Poillon resigned and George Dayton was appointed in his stead.

The first objection taken to the legality of the proceedings is, that James A. McCreary, who served as one of the commissioners, was not the person named by the act for that purpose.

The first meeting of the commissioners under the act, was held on the 6th of April, 1872, from which date until the work was completed in December, 1873, and the assessment made in January, 1874, James A. McCreary acted as commissioner without any question being raised by the relators or any one else, as to his authority to act. Even if it is not now too late to raise this question, the burden must rest upon the prosecutors to establish clearly that the person who acted is not the person named and intended. There is no sufficient evidence in the case upon which this objection can be rested.

The second objection is, that the owners of a majority of

the frontage on said road, did not consent, in *writing*, to the improvement.

At a meeting of the commissioners held April 20th, 1872, it was resolved that they would take immediate steps to procure the necessary consent of the land owners.

The length of the road was eighteen thousand eight hundred and forty feet. By writings dated April, 1872, marked *B* 1 and *B* 2, the owners of about seventeen thousand eight hundred feet of frontage, consented that the commissioners should proceed to open, grade and improve the road, according to the act of the legislature.

On the 5th of the following August, a contract was made with one P. S. Page, to execute the work of improvement, the road to be sixty-six feet wide, with a stipulation that at the option of the commissioners it might be changed to eighty feet.

At the time this contract was made, the case does not show that the requisite consent had been obtained, but on that day a committee was appointed to obtain the consent of the property owners. On the 21st day of September, 1872, the committee reported that they had obtained the requisite consent to the widening of the road to eighty feet, and the commissioners thereupon resolved to widen it to eighty feet, and notified the contractor to that effect. James A. McCreary testifies that this second consent was signed by the owners of a majority of the frontage; that he had it in his possession and laid it before the commissioners at their meeting, when they examined it and determined that it was signed by the requisite majority. He says the paper was left in his possession as secretary, and that it has since been lost or mislaid, so that he is unable to produce it. John C. Marin and Henry A. Baker also testify that the second consent was signed by the owners of a majority of the frontage, and there is no testimony in the case to contradict them. Those who signed *B* 1 and *B* 2, must also be held to have consented to the improvement, eighty feet in width, as their consent was that the work be done in conformity with the act, which authorizes

an eighty feet road. Every intendment should be made against these prosecutors who have had the benefit of the improvement and who made no objection to the scheme until after it was completed. This objection, therefore, cannot prevail.

The other objections are directed to the assessment made by the commissioners for the expenses of the work.

*First.* Page, Van Winkle and Marin, three of the commissioners who made the assessment, were land owners to be assessed, and therefore necessarily judges in their own cases.

*Second.* The act requires the whole cost and expense of the road to be assessed on the frontage in proportion to the benefits received by the owners thereof, while the assessment was made on all lands liable to assessment at the same rate per lineal foot, without any determination by the commissioners that they had any regard to the benefits received. In my opinion, these objections are insurmountable and the assessment as to the prosecutors should be set aside.

Justices DEPUE and DALRIMPLE concurred.